### VINCENT GILPIN, plaintiff in error, v. ISRAEL GILPIN, defendant in error.

Supreme Court.  New Castle.  October, 1793.

*Read's Notebook, 16.*\*

*Bedford* and *Bayard,* for defendant in error, had obtained a rule to show cause why the writ of error should not be quashed, and they now argued that a writ of error would not lie on a judgment in an amicable action.  They observed, there are many cases in which the court will interfere in a summary way on motion though there be another remedy, 2 Wils. 394; when it is evident the writ of error cannot be attended with effect, it may be quashed, the writ of error only operates on the record, and, though error there exist, no advantage could be taken of it, because the entry of the action is matter of consent and *consensus tollit errorem.*  Second, the writ of error is taken away by Statute of the 9 & 10 Will. III.  There are four species of awards:

---

\* This case is also reported in *Bayard's Notebook, 50; Wilson's Red Book, 14.*

first, *in pais;* second, at common law in suits depending; third, under Statute of 9 & 10 Will. III (*vide* 3 Bl.Comm. 17); fourth, under Act of Assembly (1 Del.Laws [163]), Dall. 314. This award is not of the first kind, it is a reference of record; second, nor of the second kind, for there was no suit depending; nor the fourth sort, for the reason last given; and the Act of Assembly aforesaid speaks of plaintiff and defendant and therefore supposes a suit depending, it is not of consequence the third and is clearly decided by the words and embraced by the intent of the Statute. Third, if it be not under the Statute, it is at common law, and the Statute being only declaratory of the common law, a writ of error will not lie.

*G. Read* and *Levy,* for the plaintiff, contended that a writ of error was a writ of right, and that there was nothing in an amicable action more than an adversary one which made the judgment exempt from it. An amicable action may be defined an action without writ; when once instituted it conforms in its proceedings to other actions. It may be tried by jury and is exposed to the errors to be committed in issuing of process and rendering of judgment. If tried by auditors, there is nothing more sacred in that course than in the verdict of a jury, and therefore should be equally liable to a writ of error. It is the consequence of all jurisdictions to be returned to King's Bench, 1 Ld. Raym. 469, 580; 1 Bac.Abr. 351; 2 Bac.Abr. 213. The same may be affirmed of this Court. Error lies on a judgment confessed in ejectment, 2 Bac.Abr. 193.

READ, C. J. This is a motion to quash a writ of error upon the ground of the Statute of 9 & 10 Will. III, but the proceedings are not to be considered under that statute. The form of the rule of reference, exclusive of the form prescribed by the Statute, which not having been observed, is proof of this. The Statute is generally a declaration of the common law, but contains some new provisions. Awards at common law are in suits referred, which had previously depended in court; the provisions of the Statute do not extend to cases not referred according to the form it directs; by this agreement to refer, judgment is to be rendered on the award, not so is references under the Statute. Error lies in all cases where judgment is to be given by an inferior court (of record). The practice of reference by amicable actions has been much abused. If a case be referred not within the Act of Assembly, it is not entitled to the remedy of it. Such are ejectment, trespass [——] [1]; these are at common law.

---

[1] Blank in manuscript.

Amicable actions by long course of practice are to be considered within the Act, 1 Del.Laws [163]. They are attended by judgment and execution, and therefore are proper subjects of writs [of] error.

Rule discharged.